MALE (MEN'S ASSOCIATION FOR LIBERTY AND EQUALITY), Paul Edward Dozier and all male citizens, U. S. A., Petitioners,

v.

UNITED STATES of America, Respondent.

No. 77–840–Civ–J–M.

United States District Court, M. D. Florida, Jacksonville Division.

July 6, 1978.

Paul Edward Dozier, pro se.

John L. Briggs, U. S. Atty., Loretta C. Anderson, Asst. U. S. Atty., Jacksonville, Fla., for respondent.

OPINION

MELTON, District Judge.

This cause is before the Court on the respondent's motion to dismiss. In support of its motion, the respondent raises two general arguments: (1) that the petition fails to allege with sufficient specificity facts that would give the instant petitioners standing to litigate their claim; and (2) that at any rate this cause is nonjusticiable because it involves, at most, the resolution of a political question in connection with the exercise of legislative and executive discretion. The petitioners have not filed a memorandum in opposition to the respondent's motion.

After careful review of the court file and a liberal reading of the *pro se* petition, *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), it appears to the Court that the petitioners are challenging the establishment of the International Women's Year Commission by the United States Congress and the President and the distribution of funds to that organization. The petitioners claim that their equal protection rights under the fourteenth amendment have been violated by the failure of Congress and the President to establish an International Men's Year Commission and distribute equal funds to such organization. To remedy this situation, the petitioners have asked the Court to order the President, the Congress, and other appropriate government agencies to proclaim a National or International Men's Year, to establish a National Commission on the Observance of International Men's Year and to distribute to the International Men's Year Commission an amount of funding equivalent to that received by the International Women's Year Commission. For the purpose of assessing the justiciability of this cause, the Court will deem the factual allegations in the petition as true.

Although the doctrine of standing is riddled with conceptual inconsistencies, the one settled rule that has emerged is that the "gist of the question of standing" involves a determination of whether the

appellants have alleged "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions." *Baker v. Carr,* 369 U.S. 185, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962). In order to establish that he has standing, "an aggrieved litigant must demonstrate that he has sustained an injury in fact, economic or otherwise." *Association of Data Processing Services Organization, Inc. v. Camp,* 397 U.S. 150, 152–153, 90 S.Ct. 827, 829, 25 L.Ed.2d 184 (1970). This injury must be direct and not merely a general interest common to all members of the public. *United States v. Richardson,* 418 U.S. 166, 94 S.Ct. 2940, 41 L.Ed.2d 678 (1974); *Schlesinger v. Reservists Committee to Stop The War,* 418 U.S. 208, 94 S.Ct. 2425, 41 L.Ed.2d 706 (1974). Although the "injury in fact" requirement may be liberalized in the context of a concrete legislative scheme directed toward remedying specific social ills, *e. g., Trafficante v. Metropolitan Life Insurance Co.,* 409 U.S. 205, 93 S.Ct. 364, 34 L.Ed.2d 415 (1972), the petitioners do not purport to rely on any particular body of remedial legislation, but rather assert, in effect, a direct, "federal question" cause of action under the fourteenth amendment's equal protection clause.

▮ The only "injury in fact" discernable from the petition must result from the failure of Congress and the President to create and equally fund an International Men's Year Commission when they created and funded the International Women's Year Commission. However, the petitioners have alleged no direct personal injury resulting from these congressional and presidential actions, but rather an interest of general concern. "A mere interest in the resolution of an issue, no matter how compelling, no matter how vigorously and vocally expressed, is of itself inadequate as a substitute for the Article III requirement that the litigant demonstrate personal, concrete injury." *Mulqueeny v. National Commission on the Observance of International Women's Year,* 549 F.2d 1115, 1121 (7th Cir.

1977), *citing Sierra Club v. Morton,* 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972), *and United States v. Students Challenging Regulatory Agency Procedures (SCRAP),* 412 U.S. 669, 93 S.Ct. 2405, 37 L.Ed.2d 254 (1973). As the petitioners have alleged nothing but the public interests with which they are concerned, unaccompanied by anything remotely resembling a direct, concrete injury in fact, the petition fails to allege any justiciable issues as a basis for this Court's exercise of its Article III powers.

Even assuming *arguendo* that the petitioners had alleged sufficient injury in fact to have standing, it does not appear that the Court would be able to provide the relief sought by the petitioners. It is purely speculative whether the invocation of the injunctive powers of the federal court could remedy the vaguely-alleged injury suffered by these petitioners; moreover, it is somewhat questionable whether this Court's injunctive powers could reach the congressional and executive actions complained of in the first place. *See generally Baker v. Carr,* 369 U.S. at 208–237, 82 S.Ct. 691. The petitioners have merely relied on "the remote possibility, unsubstantiated by allegations of fact, that their situation might have been better had respondents acted otherwise, and might improve were the court to afford relief." *Warth v. Seldin,* 422 U.S. 490, 507, 95 S.Ct. 2197, 2209, 45 L.Ed.2d 343 (1975). As the petitioners have failed to allege any specific, concrete facts to demonstrate that the respondent's acts will hurt them personally, or to demonstrate that their grievance could be tangibly remedied by this Court's intervention, the Court concludes that the petition fails to state a justiciable claim and, consequently, the Court will grant the respondent's motion to dismiss.